# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. NESMITH, | ) |
| Plaintiff, | ) Civil Action No. 11 – 387 |
| | ) District Judge Terrence McVerry |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| THOMAS PHILLIS, Public Defender, | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

II. REPORT

Plaintiff, Richard A. Nesmith, a Pennsylvania prisoner presently confined at the Beaver County Jail, commenced this civil rights action against Bobby Finley alleging violations of his Eighth and Fourteenth Amendments. For the reasons that follow, the Complaint should be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

A. Standard of Review

In the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting federal actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.

The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.

Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 3). Thus his allegations must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B).

In reviewing complaints under 28 U.S.C. § 1915(e)(2)(B), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997) (applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

B. <u>Liability under 42 U.S.C. § 1983</u>

Plaintiff seeks recovery in this action under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42 (1988); <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 330-331 (1986). Plaintiff's action fails to meet either of these requirements.

1. <u>Color of State Law</u>

A person raising a civil rights claim for damages under section 1983 first must demonstrate that the defendant is a person acting under color of state law, *i.e.*, a state actor. If the record does not reflect that the defendant acted under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, <u>Polk County v. Dodson</u>, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982).

The sole Defendant in this action is Thomas Phillis, the public defender who represented Plaintiff in his criminal trial. A criminal attorney is not a "state actor" for purposes of a section 1983 claim, regardless of whether the attorney is a private attorney or a public defender. Appointed counsel in a state criminal prosecution, though paid and ultimately supervised by the State, does not act "under color of state law" for purposes of liability under 42 U.S.C. § 1983 for acts taken in the normal course of conducting a defense. <u>Black v. Bayer</u>, 672 F.2d 309 (3d Cir.), *cert. denied*, <u>Stoica v. Stewart</u>, 459 U.S. 916 (1982); <u>Henderson v. Fisher</u>, 631 F.2d 1115, 1119 (3d Cir. 1980). Moreover, a public defender does not act under color of state law for purposes of

section 1983 liability when performing the traditional role of counsel for a criminal defendant. Polk County v. Dodson, 454 U.S. 312, 315 (1981). A public defender, although paid by the state, exercises "independent judgement on behalf of his client." *Id*. at 321. Because the function of a public defender is to represent his client in a manner that conflicts with state interests, the Court concluded that a public defender could not be a state actor when acting as an advocate for his client. *Id*. at 324.

Based on the discussion above, it is clear that Plaintiff can not allege any facts to demonstrate that Defendant meets the color of law requirement for a Section 1983 cause of action. Thus, he has failed to make the first showing necessary to state a claim under 42 U.S.C. § 1983 and his Complaint must be dismissed.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

_____
Lisa Pupo Lenihan
Date: April 18, 2011         United States Magistrate Judge

cc:   Richard A. Nesmith
      10-01452
      Beaver County Jail
      6000 Woodlawn Boulevard
      West Aliquippa, PA 15001