# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. NESMITH, | ) |
| Plaintiff, | ) Civil Action No. 11 – 387 |
| | ) District Judge Terrence McVerry |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| THOMAS PHILLIS, Public Defender, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

The above captioned case was initiated by the filing of a motion to proceed *in forma pauperis* (ECF No. 1) on March 25, 2011, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the local rules of court.

On April 18, 2011, the Magistrate Judge filed a Report and Recommendation (ECF No. 6) recommending that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed Objections to the Report and Recommendation on April 25, 2011 (ECF No. 7). Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

On May 9, 2011, Plaintiff filed an Amended Complaint (ECF No. 8). For the same reasons set forth in the Report and Recommendation, Plaintiff's Amended will be dismissed with prejudice. First, as stated in the Report and Recommendation, the sole defendant is not a state actor for the purpose of imposing liability under 42 U.S.C. § 1983. To the extent that Plaintiff is seeking to impose liability under a state statute, this Court will not assume supplemental jurisdiction of such claims. *See* Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.

1995) (holding that when "the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). Moreover, to the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's pronouncement in Heck v. Humphrey, 512 U.S. 477 (1994) because a judgment in his favor necessarily would implicate the validity of his conviction.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the Objections thereto, and the Amended Complaint, the following order is entered:

**AND NOW**, this 11th day of May, 2011;

**IT IS HEREBY ORDERED** that the Complaint (ECF No. 3) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Amended Complaint (ECF No. 8) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the court will not grant plaintiff an opportunity to file a second amended complaint as doing so would be futile in this action. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF. No. 6) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 9) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

s/Terrence F. McVerry
United States District Judge

cc: Richard A. Nesmith
 10-01452
 Beaver County Jail
 6000 Woodlawn Boulevard
 West Aliquippa, PA 15001